UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| KATHERINE JONES | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 4:25-cv-00269-MAL |
| | ) | |
| ST. LOUIS COUNTY, MISSOURI, et al. | ) | |
| | ) | |
| Defendants. | ) | |

**MEMORANDUM AND ORDER**

Before the Court is Defendant SSM Health Care Corporation and SSM Health Care St. Louis's (together, "the SSM Entities") Motion to Dismiss Plaintiff Katherine Jones's claims against them (Counts I and IV) in the First Amended Complaint (Doc. 24). For the following reasons the motion is **GRANTED** with respect to Count I and **DENIED** with respect to Count IV.

**I.    Facts and Background[1]**

This case comes to the Court after Katherine Jones's husband, Edward Jones (hereafter, "Decedent"), died while incarcerated at the Justice Center in St. Louis County (Doc. 24 ¶¶ 1, 11). During Decedent's incarceration—though it is unclear exactly when—he was admitted to SSM St. Mary's hospital. *Id*. at ¶ 12. Decedent had a GI bleed, an ulcer that was not bleeding, and received a blood transfusion. *Id*. at ¶ 12. He complained of black stool on multiple occasions and presented to a St. Louis County medical provider complaining that he had blood in his feces. *Id*. at ¶¶ 13–14. A hemoccult was performed and noted to be positive. *Id*. at ¶ 14. An unknown provider employed by either or both St. Louis University and SSM was made aware of this. *Id*. at ¶ 44. Decedent complained of increasing gas pain and was prescribed Prilosec. *Id*. at ¶ 21. About a month later, Decedent complained of shortness of breath and was seen by a St. Louis County medical provider. *Id.* at ¶ 24. Two days later he was transported to SSM St. Mary's emergency

---

[1] All facts pleaded in the complaint are assumed true when deciding a motion to dismiss under Rule 12(b)(6). *Bell Atlantic Corp. v. Twombly*, 500 U.S. 544, 556 (2007).

1

room. *Id*. at ¶ 25. A day after this he died from a duodenal ulcer. *Id*. at ¶ 26. An autopsy revealed a liter of blood in Decedent's stomach and a three-centimeter ulcer that was .3 to .4 centimeters deep. *Id.* at 30.

SSM, through its health care providers and agents, were responsible for providing medical care to inmates at the Justice Center. *Id*. at ¶ 18. When treating Decedent, SSM failed to review his chart, *id*. at ¶ 84, failed to recognize the serious nature of his duodenal ulcer, *id*. at ¶ 82(j), failed to prevent him from bleeding to death, *id*., prescribed a medication that led to a recurrence of the duodenal ulcer, *id*., and failed to eliminate that medication, leading to further hemorrhaging and death, *id*. at 84.

## II.     Procedural Background

After Decedent's death, his wife filed a complaint against, among other defendants, the SSM Entities. Two of the four counts in the operative Amended Complaint are against the SSM Entities: Count I and Count IV. Count I alleges violation of 42 U.S.C. § 1983 for Eighth and Fourteenth Amendment violations for deprivation of medical care. Count IV alleges state-law wrongful death. This Court has federal question jurisdiction over this action pursuant to 28 U.S.C. § 1331 and supplemental jurisdiction over the state law claim pursuant to 28 U.S.C. § 1367.[2]

## III.    Legal Standard

A pleading must contain a "short and plain statement of the claim showing that the pleader is entitled to relief, in order to give the defendant fair notice of what the … claim is and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (internal quotation marks omitted). To survive a motion to dismiss under 12(b)(6), "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 570 (2007)). This standard requires a plaintiff to show at the pleading stage that success on the merits is more than a "sheer possibility." *Id*. It is not, however, a "probability requirement." *Id*. A plaintiff need not provide specific facts in support of his allegations, *Erickson v. Pardus*, 551 U.S. 89, 93 (2007), but "must include sufficient factual information to provide the 'grounds' on which the claim rests, and

---

[2] 28 U.S.C. § 1367(a) provides, "[e]xcept as provided in subsections (b) and (c) or as expressly provided otherwise by Federal statute, in any civil action of which the district courts have original jurisdiction, the district courts shall have supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution."

2

to raise a right to relief above a speculative level." *Schaaf v. Residential Funding Corp.*, 517 F.3d 544, 549 (8th Cir. 2008) (citing *Twombly*, 550 U.S. at 555 & n.3).  This obligation requires a plaintiff to plead "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555.  A complaint "must contain either direct or inferential allegations respecting all the material elements necessary to sustain recovery under some viable legal theory." *Brooks v. Roy*, 776 F.3d 957, 960 (8th Cir. 2015).  This standard "simply calls for enough fact to raise a reasonable expectation that discovery will reveal evidence of [the claim or element]." *Twombly*, 550 U.S. at 556.  At this stage, the Court accepts as true the factual allegations in the complaint.  *Id*.

Determining if well-pled factual allegations state a "plausible claim for relief" is "a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Iqbal*, 556 U.S. at 679.  The well-pled facts must establish more than a "mere possibility of misconduct." *Id*.

### IV.    Application of Law to Facts

#### A.  Count I:  Eighth and Fourteenth Amendment Violation for Deprivation of Medical Care under 42 U.S.C. § 1983

The SSM Entities argue that Count I should be dismissed for two reasons: (1) Count I does not allege sufficient facts to state *Monell* liability against SSM; and (2) the claim is barred by qualified immunity—specifically that any constitutional violation was not "clearly established."

##### 1.    *Monell*

SSM argues that Count I should be dismissed because Jones does not allege sufficient facts to state *Monell* liability against SSM—specifically that the Amended Complaint fails to allege that Decedent's death was a result of a policy, custom, or failure to train or supervise.  In response, Jones claims that SSM is liable under § 1983 because they were acting under the color of law, but that *Monell* does not apply because SSM is a private company (Doc.  33, p. 8).

###### i.    Legal Standard

42 U.S.C. § 1983 states:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage of any State or Territory…subjects or causes to be subjected, any citizen of the United States…to the deprivation of any rights…secured by the Constitution and laws, shall be liable to the party injured in an action at law….

The *Monell* doctrine states that municipalities count as "person[s]" who may be held liable under § 1983 for unconstitutional actions. *Monell v. New York City Dept. of Social Servs.*, 436 U.S. 658, 690 (1978). But "Congress did not intend municipalities to be held liable unless action pursuant to official municipal policy of some nature caused a constitutional tort." *Id*. at 691. "Section 1983 liability for a constitutional violation may attach to a municipality if the violation resulted from (1) an 'official municipal policy,' (2) an unofficial 'custom,' or (3) a deliberately indifferent failure to train or supervise." *Mick v. Raines*, 883 F.3d 1075, 1079 (8th Cir. 2018) (quoted case omitted). When a private entity acts under color of state law,[3] the private entity may be held liable under § 1983 if *Monell*'s requirements are met. *Sanders v. Sears, Roebuck & Co.*, 984 F.2d 972, 975-76 (8th Cir. 1993). Further, "a corporation acting under color of state law will only be held liable under § 1983 for its *own* unconstitutional policies." *Id.* (8th Cir. 1993) (emphasis added). In other words, to prove a policy, custom or action, Jones must show a pattern of constitutional misconduct by the SSM Entities. *Crumpley-Patterson v. Trinity Lutheran Hosp.*, 388 F.3d 588, 590 (8th Cir. 2004).

## ii.   Application of Law to Facts

Here, Jones does not assert that the alleged constitutional violation occurred because of an SSM Entity policy or custom. At most, the Amended Complaint alleges that a number of prisoners died from medical issues. *See* Doc 24 ¶¶ 31(a)–(e). But the Amended Complaint does not in any way tie these deaths to the SSM Entities at all, much less their policies or customs. The closest the Amended Complaint comes to allegations about SSM Entities is about medical staff generally, which may or may not be SSM employees, especially given the fact that St. Louis University d/b/a SLUCare is also alleged to have provided medical care in the St. Louis County Justice Center:

- Paragraph 31(a): "one or more county employees failed to provide medical care."
- Paragraph 31(b): another prisoner "bled to death from an intestinal hemorrhage, despite two nurses witnessing him lying in blood and groaning for at least 15 minutes before anyone entered his cell."
- Paragraph 31(c): "a jail staffer, believed to be a nurse, accused [another inmate] of 'f---ing faking.'"

---

[3] Neither party disputes that the SSM Entities are acting under color of state law.

Because Jones has not adequately stated a claim for deliberate indifference under *Monell*, the Court grants SSM's Motion to Dismiss Count I for failure to state a claim.[4]

### B. Count IV: Wrongful Death

Count IV asserts a claim against the SSM Entities under Missouri law for wrongful death. The SSM Entities argue that this count should be dismissed for two reasons. First, the SSM Entities argue this claim is barred by sovereign immunity. Second, the SSM Entities argue the claim fails under Fed. R. Civ. P. 12(b)(6) because it does not contain sufficient factual matter that states a claim to relief plausible on its face. Specifically, the SSM Entities argue that the Amended Complaint merely states disagreement with medical treatment provided to Decedent, which without more does not constitute deliberate indifference (Doc. 12, p. 4).

#### 1. Sovereign Immunity

The SSM Entities argue that Jones's state wrongful death claim is barred by sovereign immunity because the SSM Entities were acting under color of state law when the alleged unlawful events occurred (Doc. 24 ¶¶ 7, 50; Doc. 12, p.6). But sovereign immunity protects only public entities and therefore is not available to the SSM Entities.

In Missouri, "sovereign or governmental tort immunity as existed at common law in this state prior to September 12, 1977, except to the extent … modified by statutes in effect prior to that date, shall remain in full force and effect; except that, the immunity of the *public entity* from liability ... [is] expressly waived in [certain instances]." Mo. Rev. Stat. § 537.600.1 (emphasis added). Missouri's sovereign immunity statute expressly provides immunity for "public entit[ies]," not private ones. *Id*. The SSM Entities point to no authority indicating that sovereign immunity extends to government contractors. The only case SSM cites regarding sovereign immunity discusses one place where Missouri has waived sovereign immunity in § 537.600.1 as applied to an executive department of state government, which is inapplicable here (Doc. 29, p. 6 (citing *State ex rel. Mo. Highway & Transp. Comm'n v. Dierker*, 961 S.W.2d 58, 60 (Mo. banc 1998)). Thus, sovereign immunity does not protect the SSM Entities from a wrongful death cause of action.

---

[4] Because the Court dismisses Count I on the basis that there is no *Monell* claim, it need not reach the second basis on which the SSM Entities claim the Count should be dismissed—the "clearly established" prong of the qualified-immunity test.

### 2. Failure to State a Plausible Claim

Finally, the SSM Entities argue that the Court should dismiss Count IV because Jones does not adequately state a plausible claim for relief. Specifically, the SSM Entities argue that the Amended Complaint merely states disagreement with medical treatment provided to Jones, which without more does not constitute deliberate indifference (Doc. 12, p. 4). This characterization of the Amended Complaint is incorrect and therefore not a basis on which to dismiss.

In Missouri, a prima facie medical malpractice case requires three elements: "(1) an act or omission of the defendant failed to meet the requisite medical standard of care; (2) the act or omission was performed negligently; and (3) the act or omission caused the plaintiff's injury." *Edgerton v. Morrison*, 280 S.W.3d 62, 68 (Mo. banc 2009). The SSM Entities argue that Jones (1) failed to state any actions or omissions taken by the SSM Entities, (2) failed to state what standard of care SSM failed to meet, and (3) failed to state what acts or omissions by the SSM Entities caused any injuries or damage.

A claim is facially plausible when its factual content "allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). A complaint "must contain either direct or inferential allegations respecting all the material elements necessary to sustain recovery under some viable legal theory." *Brooks*, 776 F.3d at 960. Jones' pleading meets this standard.

The Amended Complaint alleges elements (1) and (2) because it alleges that the SSM Entities failed to appropriately review Decedent's charts, failed to get him appropriate medical care to treat his ulcer, and failed to eliminate a prescription which exacerbated his medical condition—which would have prevented him from bleeding to death (Doc. 24 ¶¶ 82(b)–(d), (j), 83–84). The Amended Complaint adequately alleges element (3) because it pleads that Decedent suffered personal injury, pain and suffering, mental anguish, and death as a result of the SSM Entities' actions and explains what kind of pain and suffering he experienced in great detail. *Id.* at ¶¶ 82(f)–(k), 85–86. This is enough to establish a plausible claim for relief.

\*          \*          \*

SSM's motion to dismiss Count IV is denied.

**CONCLUSION**

This Court **GRANTS in part and DENIES in part** SSM Health Care Corporation's and SSM Health Care St. Louis's Motion to Dismiss (Doc. 28). The Motion to Dismiss Count I is **GRANTED** and the Motion to Dismiss Count IV is **DENIED**.

Dated this 18th day of December, 2025.

*Maria A. Lanahan*

MARIA A. LANAHAN
UNITED STATES DISTRICT JUDGE